[Civ. No. 7213. First Appellate District, Division Two.—June 11, 1930.]

A. L. BAILEY, Respondent, v. HERBERT SCHOLTZ, Appellant.

A. A. Heer and Chas. H. Sooy for Appellant.

Louis J. Trabucco for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover commissions which he alleged he had earned in procuring an enforceable contract to exchange one tract of land for another. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the defendant has appealed and has brought up a typewritten record.

The plaintiff alleged a written agreement employing him to effect an exchange of properties between the defendant and Walter Ericson. On the trial the plaintiff produced and, over the objection of the defendant, the court received in evidence an agreement for the exchange of defendant's lands for the lands of Ericson and which also contained covenants employing the plaintiff and fixing his compensation. The defendant claims there was a variance. We think he is in error. The paper was evidence of the allegation contained in the complaint and it was not inadmissible because it was evidence of something else.

The defendant's offer was accepted by Ericson. It was also accepted in writing by Scheuneman, who also held an

interest in the lands. The defendant asserts that such facts showed a qualified acceptance and that the defendant against his will was put in the position of dealing with one with whom he had not contracted to deal. The assertion fails to take into consideration the facts. The defendant had expressed his desire to exchange his lands for certain other lands. The document merely purported to give him that which he had sought to acquire. The question whether one person or several persons were interested in the property was not material. The material feature was to obtain that particular property. For the reasons which we have just stated it also follows that the document was not a new proposal.

■ It is claimed that Ericson was never able to deliver. This point is based on the fact that Mrs. Monsen held some interest, the exact nature of which does not appear, but this plaintiff held her power of attorney, signed the contract, and, furthermore, no demand was ever made upon him to convey. He testified he had at all times been ready, able and willing to convey. Assuming that Mrs. Monsen's conveyance was necessary to a marketable title it does not appear that Ericson was ever asked to obtain and convey it.

■ The defendant states that the plaintiff was a part owner, that he did not disclose that fact to the defendant, but accepted an agency from the defendant. The plaintiff asserts he did disclose all the facts to the defendant. Furthermore the pleadings admitted ownership in Ericson and Scholtz. There was no issue on the subject.

Again, it is claimed the findings are not within the issues. In support of the point counsel cite certain things that would constitute a variance. These are the same matters which we have treated above. In connection with this point it is asserted that some of the findings are not sustained by the evidence. In so far as this claim is material it is but another form of presenting the points which we have just discussed.

■ Finally, it is asserted the plaintiff has not proved that he holds a real estate license. Without objection the plaintiff testified as to his capacity. No claim was made in the trial court that any of this evidence was incompetent. Nothing is printed in the briefs tending to sustain the point.

This court is not bound to search the record to ascertain if it can be sustained. We find no error in the record.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 7, 1930.